1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RONALD DAVID BAKER,                    No. CIV S-08-1608-LKK-CMK-P

12                  Petitioner,

13          vs.                        <u>FINDINGS AND RECOMMENDATIONS</u>

14    CALIFORNIA DEPARTMENT OF
      CORRECTIONS, et al.,

15
                    Respondents.
16
      <u>_____</u>/
17

18          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

19    habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is respondents' motion to

20    dismiss (Doc. 13) this petition as untimely.

21

22                        **I.  BACKGROUND**

23          Petitioner was convicted of sexual assault on a child and other crimes and

24    sentenced to 39 years to life in state prison.  Petitioner's direct appeal was denied by the

25    California Court of Appeal on February 8, 2006, and the California Supreme Court denied direct

26    review on April 19, 2006.  Petitioner did not seek certiorari by the United States Supreme Court.

1    Petitioner filed three pro se state court post-convictions actions.[1]  On June 15,

2  2006, petitioner filed a habeas corpus petition in the Sacramento County Superior Court, which

3  was denied on August 2, 2006.  On December 16, 2006, petitioner filed a petition in the

4  California Court of Appeal, which was denied on February 1, 2007.  On May 21, 2007, petitioner

5  filed a petition in the California Supreme Court, which was denied on October 10, 2007.  The

6  instant federal petition was filed on July 10, 2008.[2]

7

8                                **II.  DISCUSSION**

9    Respondents argue that the instant federal petition is untimely.  Federal habeas

10  corpus petitions must be filed within one year from the later of: (1) the date the state court

11  judgment became final; (2) the date on which an impediment to filing created by state action is

12  removed; (3) the date on which a constitutional right is newly-recognized and made retroactive

13  on collateral review; or (4) the date on which the factual predicate of the claim could have been

14  discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute

15  of limitations will begin to run when the state court judgment becomes final by the conclusion of

16  direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

17  / / /

18  / / /

19

20    [1]    In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a pro se
prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for
21  mailing to the court.  The so-called "prison mailbox rule" has been extended to apply to other
legal documents submitted to the court by prisoners.  See e.g. Stillman v. LaMarque, 319 F.3d
22  1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition); see also Huizar v.
Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (discussing rule in context of "prisoner who delivers
23  a document to prison authorities"); Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002) (stating
rule in terms of any "legal document" submitted by a pro se prisoner).  All filing dates set forth in
24  these findings and recommendations are derived according to this rule.

25    [2]    Respondents state that the filing date is July 14, 2008 – the date shown on the
court's docket.  However, petitioner's proof of service was signed on July 10, 2008, which is
26  considered the filing date under the mailbox rule.

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,

536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

### **Statutory Tolling**

In this case, petitioner did not seek certiorari by the United States Supreme Court. Therefore, the limitations period began to run the day after expiration of the 90-day period to seek certiorari, or on July 19, 2006.  Respondents concede that petitioner is entitled to statutory tolling for the time each of his three state court actions were pending.  Therefore, the one-year limitations period was tolled for the following time periods: (1) July 19, 2006, through August 2, 2006 (pendency of first petition); (2) December 16, 2006, through February 1, 2007 (pendency of second petition); and (3) May 21, 2007, through October 10, 2007 (pendency of third petition).

Respondents argue that petitioner is not entitled to statutory tolling for the two intervals between petitioner's three state court petitions.  Specifically, respondents argue petitioner unreasonably delayed in filing his second and third state court actions.  The record reveals that petitioner waited 135 days after the first state court petition was denied before filing his second petition in the California Court of Appeal.  Petitioner waited 108 days after the second petition was denied before filing the third petition.

/ / /

/ / /

1         The court agrees with respondents that these periods of delay were unreasonable

2    and, therefore, petitioner is not entitled to interval tolling for these period of time.  See Carey,

3    536 U.S. 214; see also Evans v. Chavis, 546 U.S. 189, 201 (2006) (observing that 30 to 60 days

4    would normally be reasonable).  Numerous judges who have considered this issue agree that a

5    delay far shorter than the 135-day and 108-day delays involved here is unreasonable.  See

6    Contreras v. Curry, 2008 WL 4291473 (N.D. Cal. 2008) (involving 88-day delay); Livermoore v.

7    Watson, 2008 WL 802330 (E.D. Cal. 2008) (involving 78-day delay); Hunt v. Felker, 2008 WL

8    364995 (E.D. Cal. 2008) (involving 70-day delay); Young v. Hickman, 2008 WL 361011 (E.D.

9    Cal. 2008) (involving 95-day delay); Bridge v. Runnels, 2007 WL 2695177 (E.D. Cal. 2007)

10   (involving 76-day delay).

11             **Equitable Tolling**

12        Petitioner argues that he is entitled to equitable tolling for some, if not all, of both

13   these periods between his state court cases.  Because the statute of limitations under AEDPA is

14   not jurisdictional, it is subject to traditional equitable tolling principles.  See Calderon v. United

15   States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds

16   by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).   To be

17   entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in

18   pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time.  See

19   Pace v. DiGuglielmo, 544 U.S. 408 (2005).

20        In Pace, the Supreme Court held that equitable tolling was not applicable because

21   "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419.  In Beeler, the

22   district court granted equitable tolling and the respondent sought a writ of mandamus to reverse

23   the district court's order.  See 128 F.3d at 1288.  In denying the respondent's mandamus petition,

24   the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

25             Having decided that [the statute of limitations] can be tolled, we
          have no basis for upsetting the district court's decision to allow Beeler

26             more time to file his petition.  The district court found that Beeler's lead

1    counsel, Scott Braden, had diligently pursued the preparation of Beeler's
     petition.  Braden, however, withdrew after accepting employment in
2    another state, and much of the work product he left behind was not usable
     by replacement counsel – a turn of events over which Beeler had no
3    control.  There were thus "extraordinary circumstances" which justified
     tolling [the] statute of limitations.
4
        Id. at 1289.
5

6    In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was

7    appropriate because:

8             . . . [A]s part of its order that Kelly be mentally evaluated, the
         district court ordered "that all other aspects of this case be, and hereby are,
9        stayed pending final determination by this Court of the Petitioner's mental
         capacity to proceed."  The only reasonable reading of this order was that it
10       prohibited Kelly's attorney's from filing a habeas petition, which is how
         the district court itself construed it. . . .  This stay of the proceedings
11       prevented Kelly's counsel from filing a habeas petition and, in itself,
         justifies equitable tolling.
12
         163 F.3d at 541.
13

14   In addition, the egregious misconduct of counsel may warrant equitable tolling.  See Spitsyn v.

15   Moore, 345 F.3d 796 (9th Cir. 2003).  Mental incompetence may also warrant equitable tolling

16   for the period the prisoner was incompetent if he can show that the incompetency in fact caused

17   the delay.  See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003).  The Ninth Circuit has

18   concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of

19   counsel.  See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

20            As to the 135-day delay, petitioner argues that, due to lack of legal knowledge it

21   was a "total impossibility" for him to prepare a state court petition.  Therefore, petitioner initially

22   "contracted" with another prisoner, inmate Brown, to provide him with legal assistance.

23   Petitioner states that he provided inmate Brown with all his legal materials for the case, including

24   the transcripts.   Petitioner adds:

25            Petitioner became concerned when after denial of his petition by
         the Superior Court, Mr. Brown did not file a petition to the appellate court
26       and diligently quizzed Mr. Brown on this subject almost daily during this

                                                6

1
2
3

> questioned period of 135 days.  Mr. Brown kept telling Petitioner that there were no time limits for the filing of state petitions and "not to worry."  Then Mr. Brown wanted more money beyond what he was already paid to do contracted legal work, money which Mr. Brown had already been paid.

4   Petitioner states that he then sought the assistance of another inmate – Neely – to complete the

5   second petition for filing in the California Court of Appeal.  He states that he had difficulty

6   getting back his legal papers from Brown and was only able to do so after intervention from

7   prison staff.  As to the 108-day delay, petitioner argues that the California Supreme Court

8   petition was lengthier and more detailed and that it had to be "re-created" by his jailhouse legal

9   assistant, inmate Neely.

10           To the extent petitioner asserts he is entitled to equitable tolling because he is

11   ignorant of the law, the court agrees with respondents that equitable tolling is not available on

12   this basis.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  To the extent

13   petitioner asserts that he is entitled to equitable tolling because he received bad legal advice from

14   inmate Brown, the court finds that equitable tolling is not available.  Bad legal advice from a

15   jailhouse lawyer is similar to legal malpractice from a licensed attorney.  As discussed above, the

16   Ninth Circuit has concluded  that equitable tolling is not appropriate based on the ordinary

17   negligence of counsel.  See Frye, 273 F.3d 1144.  In particular, petitioner had no right to effective

18   assistance from anyone because even the right to counsel does not exist in post-conviction

19   actions.  See Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002).

20

21                              **III.  CONCLUSION**

22           In this case, 243 days of the one-year limitations period passed during the

23   intervals between petitioner's state court petitions (135 days between denial of first petition and

24   filing of second petition, plus 108 days between denial of second petition and filing of third

25   petition).  Therefore, petitioner had 119 days after the third petition was denied by the California

26   Supreme Court on October 10, 2007, to file his federal petitioner.  Petitioner did not file until

1   July 10, 2008 – nine moths later and well beyond the 119 days remaining in the limitations

2   period.

3          Based on the foregoing, the undersigned recommends that respondents' motion to

4   dismiss (Doc. 13) be granted.

5          These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

7   after being served with these findings and recommendations, any party may file written

8   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

9   Findings and Recommendations."  Failure to file objections within the specified time may waive

10  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12   DATED: June 11, 2009

13

14                                      CRAIG M. KELLISON
                                        UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26